United States District Court
Southern District of Texas
**ENTERED**
December 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YUVICELA MARTINEZ LLAMAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-05379 |
| | § | |
| KRISTI LYNN NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Yuvicela Martinez Llamas's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Response and Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (Doc. #11)[1], and Petitioner's Reply (Doc. #15). The Court heard oral argument on December 8, 2025. Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

### I.     Background

Petitioner Yuvicela Martinez Llamas ("Petitioner"), a citizen of Mexico, entered the United States without inspection in 2000 at the age of fifteen or sixteen. Doc. #1, Ex. 3 at 8. She has resided continuously in the United States for approximately twenty-five years. *Id.* Petitioner is the mother of eight children, ranging in age from three to twenty-three. *Id.* at 12–19. All of Petitioner's children are United States citizens. *Id.* On January 3, 2025, Petitioner was charged in state court with aggravated assault against her husband in connection with a domestic violence

---

[1] Also before the Court is Respondent Martin Frink's Joinder to the Federal Respondents' Response and Motion to Dismiss and, in the Alternative, for Summary Judgment. Doc. #14.

dispute. *Id.* at 8–9; 20.  At the December 8, 2025, hearing, Petitioner's counsel confirmed that Petitioner had been released on bond following her arrest and that the state criminal case remains pending.  Respondents further confirmed that Petitioner's criminal history is limited to her pending state charge and her unlawful entry into the United States.

On August 27, 2025, Petitioner was detained by immigration officials.  Doc. #15 at 3.  That same day, U.S. Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice to Appear before an Immigration Judge.  Doc. #1, Ex. 3 at 2–3.  The Notice to Appear designated Petitioner as "an alien present in the United States who has not been admitted or paroled," rather than "an arriving alien." *Id.* at 2.  Petitioner is currently detained at the Houston Contract Detention Facility. *Id.* at 1.  On November 10, 2025, the Immigration Judge denied Petitioner's request for a bond redetermination hearing, concluding that he lacked jurisdiction pursuant to *Matter of Yajure Hurtado*. *Id.* at 6–7.  On November 13, 2025, Petitioner filed the instant Petition for Writ of Habeas Corpus before this Court.  Doc. #1.  On December 3, 2025, Respondents moved for summary judgment.  Doc. #11.

## II.     Legal Standards

### a.  Federal Rule of Civil Procedure 56

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).  "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex*

2

*Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.' Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela,* 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir.2010)).

### b. Petition for Writ of Habeas Corpus

To be entitled to the issuance of a writ of habeas corpus, a habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate,* No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States,* 667 F.3d 144, 158 (2d Cir. 2011)); also citing *Bruce v. Estelle,* 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

### III.    Analysis

Respondents move for summary judgment, arguing that (1) Petitioner failed to exhaust her administrative remedies; and (2) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #11 at 3–9. The Court has recently considered and rejected these arguments in two cases presenting the same legal issues. *See Lopez-Tipaz v. Noem, et al.,* 4:25-cv-4905 (S.D. Tex. Nov. 25, 2025); *Martinez Mendez v. Noem, et al.,* 4:25-cv-4981 (S.D. Tex. Nov. 25, 2025). In both cases, the Court concluded that the petitioners were unlawfully detained and entitled to

habeas relief. *See Lopez-Tipaz*, 4:25-cv-4905, at 6–7; *Martinez Mendez*, 4:25-cv-4981, at 7. The Court's reasoning in *Lopez-Tipaz* and *Martinez Mendez* applies with equal force here.

Respondents first argue that Petitioner failed to exhaust her administrative remedies by not appealing the denial of her bond request. Doc. #11 at 3–4. The Court finds that exhaustion does not bar the Court's review because any such appeal would have been futile. *See Shi v. Lyons*, No. 1:25-CV-274, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025) ("[I]n light of *Matter of Yajure Hurtado*, such an appeal would have been patently futile."). Respondents next argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #11 at 4–9. The Court finds that Petitioner is not governed by § 1225(b)(2), which applies to noncitizens seeking admission at a port of entry or near the border. *See Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *5 (S.D. Tex. Nov. 14, 2025). Rather, the Court finds that Petitioner falls within the ambit of § 1226(a) because she has been continuously present in the United States for the past twenty-five years. *See Lopez-Tipaz*, 4:25-cv-4905, at 6 ("[T]he Court finds that the weight of authority supports applying 8 U.S.C. § 1226(a) to individuals like [p]etitioner who have long been present in the United States."); *see also Martinez Mendez*, 4:25-cv-4981, at 7 ("[T]he Court concludes that [p]etitioner is detained under 8 U.S.C. § 1226(a) and that his continued detention without a bond determination renders his detention unlawful."). In habeas proceedings, a district court has equitable discretion in determining the appropriate remedy "as law and justice require." *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). Consistent with its prior decisions, the Court determines that the appropriate remedy in this case is Petitioner's immediate release. *See Lopez-Tipaz*, 4:25-cv-4905, at 7; *Martinez Mendez*, 4:25-cv-4981, at 7.

For the foregoing reasons, Respondents' Motion for Summary Judgment (Doc. #11) is DENIED. Furthermore, the Petition for Writ of Habeas Corpus (Doc. #1) is GRANTED. Finally,

Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. #10) is DENIED as MOOT.

It is hereby ORDERED that:

1. Respondents are directed to release Petitioner from custody, under appropriate conditions of release, within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas, and her counsel shall be given notice of the time and place of her release;

2. Petitioner shall comply with all reporting requirements set by ICE while her removal proceedings remain pending;

3. This Order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

It is so ORDERED.

DEC 1 9 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge